

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
JUDGE

## LETTER OPINION
## ORIGINAL TO BE FILED WITH CLERK OF THE COURT

March 1, 2004

Richard T. Kaltenbach, Esq.
Bourne, Noll & Kenyon
382 Springfield Avenue
PO BOX 690
Summit, NJ 07902-0690
Attorneys for Plaintiff United Concrete Products, Inc.

Steven L. Fox, Esq.
Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl
2875 US Highway #1
Route 1 & Finnegans Lane
POX BOX 7463
North Brunswick, NJ 08902
Attorney for Defendant Brocon Petroleum, Inc.

**RE:    United Concrete Products Inc. v. Ten Hoeve Brothers Corp. 03MC235 (WJM)**

Dear Litigants:

It appears that the facts are as follows. United Concrete sold tanks to Ten Hoeve. Ten Hoeve did not pay for the tanks. As a result, United Concrete obtained a default judgment against Ten Hoeve for $92,104. Ten Hoeve sold the tanks to Brocon for $82,726. Brocon did not pay Ten Hoeve. United Concrete now attempts to levy on the debt Brocon allegedly owes Ten Hoeve.

A levy on a debt will be permitted as a matter of law where the debt is not in dispute. *See, e.g.*, New Jersey Rules 4:59-1(e), et seq.; 4:59-3; N.J.S.A. 2A:17-63 ("if the garnishee admits the debt" the Court may direct the debt to be paid) et seq. In this action, Brocon disputes it owes any money to Ten

Hoeve. It alleges that it bargained for more than the mere physical tanks – it alleges that it bargained for manufacturers' warranties which it has not recieved. Moreover, Brocon alleges that it has offsets against the $82,726 it agreed to pay for the tanks. Brocon claims offsets in the amount of $56,540. So even absent the issue surrounding the warranties, Brocon claims that the maximum debt that can be levied against it is $82,726 less $56,540 equaling $26,186. This information was put before the Court in the form of a certification with exhibits. (*See* Kohler Certification.) Moreover, the exhibits predate the institution of Plaintiff's motion.

In short, because both the existence of the debt and the amount of debt is contested, this Court cannot order a levy against Brocon. To facilitate resolution of this dispute, this Court offered the movant discovery to determine (i) whether or not Brocon negotiated for manufacturers' warranties in its agreement with Ten Hoeve, and (ii) the existence of any offsets from an open account between Ten Hoeve and Brocon. United Concrete has refused to make use of discovery, thereby leaving the Court unable to grant United Concrete the relief it seeks. *See* Letter of Richard T. Kaltenbach to the Court (Feb. 26, 2004) (refusing to make use of discovery).

For the reasons elaborated above, the Court denies Plaintiff United Concrete Products, Inc.'s motion to enforce litigant's rights, declare contempt and impose sanctions. All parties shall bear their own costs and fees. No sanctions will be granted.

William J. Martini, U.S.D.J.